UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 07-464-C

CAUDILL SEED & WAREHOUSE CO., INC.,                                    PLAINTIFF,

V.                          MEMORANDUM OPINION AND ORDER

BRASSICA PROTECTION PRODUCTS, LLC,                                     DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of defendant Brassica Protection Products, LLC ("Brassica") to stay, dismiss or transfer this action. DE 11. The court, having reviewed the record, having heard he arguments of counsel, and being otherwise sufficiently advised, will grant the motion to transfer and deny the remainder of the motion as moot.

I.   **Background**

Plaintiff Caudill Seed & Warehouse Co., Inc., d/b/a Caudill Seed Co. ("Caudill"), is a company headquartered in Louisville, Kentucky, and Brassica is a limited liability company with its principal place of business in Baltimore, Maryland. On December 6, 2004, Caudill and Brassica entered into a Sublicense, Manufacture and Distribution Agreement ("Agreement"). DE 14-8, 3. Under the terms of the Agreement, Brassica granted to Caudill a non-exclusive license to use and exploit the patents and patent rights of certain patents held by The Johns Hopkins University for which Brassica possessed the exclusive worldwide license. In

1

addition, the Agreement provided Caudill the right to use Brassica's "Know-How" and a non-exclusive license to use certain trademarks "for the sole and exclusive purpose of manufacturing, distributing and selling" the "Product."[1] DE 14-8, 3.

On August 6, 2007, Brassica filed a complaint in state court in New York against Caudill asserting various contract, unfair competition, and intellectual property claims. DE 14-9. On September 4, 2007, Caudill filed this action for a declaratory judgment that Caudill has not infringed and is not infringing several patents owned by Brassica; for entry of judgment declaring that the enumerated Brassica patents are invalid or unenforceable; and for attorney fees and costs. DE 1. On September 5, 2007, Brassica filed a complaint in the United States District Court for the Southern District of New York asserting four patent infringement claims and a claim for breach of contract. DE 14-11. And, on September 6, 2007, Brassica moved for voluntary dismissal of its state court complaint in New York. DE 14-10. The parties exchanged initial disclosures in the action in the Southern District of New York on December 3, 2007. DE 14-13, 14-14. Finally, on January 8, 2008, Caudill filed its answer in the Southern District of New York and also asserted several counterclaims against Brassica. DE 21-4.

The Agreement contains a section entitled "<u>Governing Law; Severability</u>," which provides in part:

This Agreement shall be governed by and interpreted in accordance

---

[1] Article I of the Agreement defines "Know-How," "Product," and other terms of art. See DE 14-8, 3-6.

2

> with the laws of the State of New York applicable to agreements made and to be performed entirely within such State. The parties (i) irrevocably submit to the exclusive jurisdiction of the courts of the State of New York and the United States District Court located in the Borough of Manhattan in New York City; (ii) waive (a) any objection to the laying of venue in any such court, (b) any claims that a proceeding brought in any such court has been brought in an inconvenient forum and (c) any objection that any such court does not have jurisdiction over them; and (iii) irrevocably appoint the Secretary of State of the State of New York to receive service of process in any proceeding brought in any such court.

DE 14-8, 20. Caudill moved to transfer, dismiss, or stay the action in the Southern District of New York and, on December 19, 2007, Judge Shira A. Scheindlin denied that motion after finding that the forum-selection clause was "exceedingly broad" and thus enforceable and that inconvenience to witnesses or parties would not be substantial. DE 13-2, 4-6. At issue in both this action and the action before Judge Scheindlin are United States Patents Nos. 5,725,895; 5,968,567; 6,177,122; and 6,242,018. At issue in this action but not the one before Judge Scheindlin are United States Patents Nos. RE-36,784; 6,521,818; 5,968,505; and 6,737,411. DE 1, 3; DE 14-11, 1. The eight issued patents listed in the Agreement consist of the four patents in the Southern District of New York action and the additional four patents in this action.[2] DE 14-8, 4.

## II. Analysis

### A. The Two Actions

The action in the Southern District of New York claims infringement of four

---

[2] Two patent applications, apparently not currently in litigation, were also listed in the Agreement. DE 14-8, 4.

of the patents covered in the Agreement and asserts a breach-of-contract claim related to the Agreement. DE 14-11, 1. The action in this court seeks a declaratory judgment of patent non-infringement regarding the four patents at issue in the New York action and four additional patents covered by the Agreement. Caudill's answer in the New York action also asserts counterclaims for a declaratory judgment of patent non-infringement regarding the four patents at issue in Brassica's New York complaint, which are also at issue in this action. DE 21-4, 20-21.

**B.   The Southern District of New York's Memorandum Opinion and Order**

The Southern District of New York, in denying Caudill's motion to transfer that case to this court, found that the forum-selection clause at issue in this case, which directs that all disputes should be litigated in New York state court or federal court in Manhattan under New York law, is "exceedingly broad" and should be enforced despite the arguments of Caudill. DE 13-2, 4-6. Specifically, Judge Scheindlin rejected Caudill's argument that the dispute is primarily about patent infringement and not about the Agreement. DE 13-2, 4-5. She also noted that Caudill did not argue "that the enforcement of the Agreement would be unjust or unfair, or that it was fraudulently induced to agree to its terms." DE 13-2, 5. Finally, as to the first-to-file issue, she noted, "I do not need to reach this issue because I find that even were Caudill's action considered filed first, enforcement of the forum selection clause would still militate against a transfer. Nonetheless, were

I to reach the issue, I would likely conclude that [Brassica] was the first to file." DE 13-2, 2.

Balancing the pertinent statutory factors,[3] Judge Scheindlin first noted that "[f]orum selection clauses are entitled to great weight." DE 13-2, 5. She then found that any inconvenience to the witnesses is outweighed by the parties' choice to litigate in New York and that a proceeding in the Southern District of New York would not cause "significant inconvenience to any party." DE 13-2, 5-6. Consequently, she declined to transfer the action before her to this court.

### C. Motion to Transfer to the Southern District of New York

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Whether a case should be transferred under § 1404(a) is consigned to the discretion of the district court, which, in addition to "factors . . . that bear solely on the parties' private ordering of their affairs," "must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)).

1. *Forum-Selection Clause and Notions of Comity*

---

[3] 28 U.S.C. § 1404(a) governs such motions to transfer.

"Federal courts of coordinate rank . . . owe each other comity in the sense of respecting each other's orders and avoiding hindering each other's proceedings." *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997) (citing 11A C. WRIGHT, A. MILLER, & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2942 at 59 n.43 (2d ed. 1995)). The "doctrine of the law of the case" holds "that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1997) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). This doctrine "applies with even greater force to transfer decisions than to decisions of substantive law" in order to prevent "the possibility of forcing a transferred case into perpetual litigation by playing 'jurisdictional ping-pong.'" *Id.* (quoting *Christianson v. Colt*, 486 U.S. 800, 816 (1988)). Comity concerns are distinct from jurisdictional limitations and, therefore, "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe do do [*sic*] so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Id.* (quoting *Christianson*, 486 U.S. at 817).

The court sees no "extraordinary circumstances" that would compel it to revisit Judge Scheindlin's finding that the forum-selection clause in the Agreement is both valid and applicable to the four patents at issue in this dispute that are also

at issue in the New York action. Moreover, the court sees no reason to question Judge Scheindlin's more general finding that the forum-selection clause is exceedingly broad.

There are four additional patents at issue in this case, however. The court is persuaded by the reasoning of *Direct Mail Prod. Servs. Ltd. v. MBNA Corp.*, No. 99 Civ. 10550, 2000 WL 1277597 (S.D.N.Y. Sept. 7, 2000), which found that a forum-selection clause that fell somewhere between "broadly and narrowly written" encompassed all of the claims in an action, including copyright infringement, trade secrets, and tort claims, because "the plaintiff's claims depend on rights and duties that must be analyzed by reference to the contractual relationship." *Id.* at *5-7. The court is also mindful that "'[a] forum selection clause should not be defeated by artful pleading of claims not based on the contract containing the clause if those claims grow out of the contractual relationship, or if 'the gist' of those claims is a breach of that relationship.'" *Id.* at *6 (citations omitted). Therefore, given the nature of the present dispute, Judge Scheindlin's finding that the forum-selection clause is "exceedingly broad," the coverage of all eight patents at issue in this action by the Agreement, and the ongoing litigation in New York regarding the Agreement and four of the patents covered therein, the court finds that the remaining four patents at issue in this action are also covered by the forum-selection clause.

Like Judge Scheindlin, the court sees no reason to reach the first-to-file issue

7

because the forum-selection clause covers the present action regardless of who filed first.

2. Section 1404(a) Factors

The court does not see any reason to second-guess the findings of Judge Scheindlin that the great weight to which forum-selection clauses are entitled outweighs any inconvenience to parties or witnesses who will have to travel to New York and that such inconvenience would not be substantial in any event. The court also finds that the "interests of justice" do not weigh against transfer because the proceedings in the Southern District of New York are at a more advanced stage and both parties to this action are sophisticated businesses with access to modern communications technology which should afford them ready access to the sources of proof in their dispute.

III. Conclusion

Accordingly,

**IT IS ORDERED** that the amended motion to transfer, DE 11, is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **TRANSFERRED** to the United States District Court for the Southern District of New York.

**IT IS FURTHER ORDERED** that the remaining motions are **DENIED AS MOOT**.

Signed on February 27, 2008

Jennifer B. Coffman, Judge
United States District Court